# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

MELISSA ANN ERICKSON,

    Debtor.

Case No. A11-00220-DMD
Chapter 13

**Filed On 7/21/11**

## MEMORANDUM ON STUDENT LOAN PAYMENTS

    11 U.S.C. § 1322(b)(1) allows a debtor to designate classes of unsecured claims, but a debtor "may not discriminate unfairly against any class so designated."[1] Here, the debtor has filed a plan which, over the course of five years, will commit $5,801.00 to pay general unsecured claims. This sum will give the general unsecured claims, with a scheduled total of about $240,000.00, an estimated distribution of about 2.4%. However, the debtor has entered into a stipulation with the Alaska Commission on Post-Secondary Education (ACPE), which provides that ACPE will receive monthly payments of $200.00 directly from the debtor during the term of the plan.[2] In return, ACPE has agreed that it will not set off the debtor's permanent fund dividends (PFD) so long as the monthly payments are made. The trustee objects to this treatment and argues that the debtor is unfairly discriminating in favor of ACPE.

---

[1] 11 U.S.C. § 1322(b)(1).

[2] Per ACPE's amended Claim No. 2-2, filed on June 9, 2011, it is owed a total of $19,455.92, bifurcated into a secured claim for $8,000.00 and an unsecured claim of $11,455.92. Its secured claim is based upon its right to set off the debtor's PFDs.

Alaska is different from other states. Qualifying residents receive annual PFDs from the state based on returns to the Permanent Fund, a multi-billion dollar fund created with oil royalties and taxes due the state. ACPE, as an agency of the State of Alaska, has the ability to set off a debtor's PFDs against its outstanding student loans. Under the stipulation, ACPE will receive $2,400.00 per year in direct payments from the debtor. Thus, assuming PFDs of $1,350.00 per year during the term of this plan, ACPE is improving its unsecured position by $1,050.00 annually. This is the difference between the estimated PFD amount and the debtor's direct payments to ACPE each year. Also, under the stipulation, the unsecured portion of ACPE's claim is still entitled to share in the plan dividend to unsecured claims. Over the five year term of the plan, with a 2.4% dividend, ACPE would receive approximately $275.00 (or $55.00 per year). In other words, the net to ACPE on its unsecured claim, under the terms of the stipulation, would be $5,525.00, a 48% dividend. The stipulation with ACPE does not alter the anticipated dividend to be paid to other unsecured creditors under the plan, however.

The debtor argues that ACPE's treatment under the stipulation does not unfairly discriminate against other unsecured creditors. She cites two cases from other districts, *In re Sharp*[3] and *In re Abaunza.*[4] In those two cases, the courts allowed debtors to make student loan payments outside the plan from "discretionary" income remaining after payment of all projected disposable income into their plans. The rationale of these cases

---

[3] 415 B.R. 803 (Bankr. D. Colo. 2009).

[4] Case No. 10-37575 (Bankr. S.D. Florida 2011).

2

doesn't apply here, however, because both involved above-median debtors to whom 11 U.S.C. § 1325(b)(3) applied. Here, the debtor is below median. She must still satisfy the four-part test set out in *Amfac Distribution Corp. v. Wolff (In re Wolff),*[5] and followed in *McDonald v. Sperna (In re Sperna),*[6] and *Labib-Kiyarash v. McDonald (In re Labib-Kiyarash).*[7] I will set an evidentiary hearing to determine whether the debtor meets the *Wolff* criteria by separate order. The debtor has the burden of proof on this issue.

DATED: July 21, 2011.

                                BY THE COURT

                                /s/ Donald MacDonald IV
                                DONALD MacDONALD IV
                                United States Bankruptcy Judge

Serve:     C. Johansen, Esq.
             M. E. Beardsley, Esq.
             L. Compton, Trustee
             U. S. Trustee

07/21/11

---

[5] 22 B.R. 510, 512 (9th Cir. B.A.P. 1982).

[6] 173 B.R. 654, 658 (9th Cir. B.A.P. 1994).

[7] 271 B.R. 189, 191-92 (9th Cir. B.A.P. 2001).